## Foreman v. Pacific Insurance Company of New York

*Larry J. Friedman,* for petitioner.

*Robert A. Detweiler,* for respondent.

ALESSANDRONI, P. J., May 3, 1965.—This was a petition to confirm the award of an arbitrator who found in favor of plaintiff in an arbitration under the "uninsured motorist" coverage of an automobile insurance policy.

The owner of the other vehicle which was thought to be uninsured was found to have a policy in effect at the time of the accident in June 1963; the policy was issued by Commonwealth Mutual Insurance Company. By a decree of the Dauphin County Court dated February 28, 1964, the Commonwealth Mutual Insurance Company was ordered dissolved and the Insurance Commissioner directed to liquidate its business and affairs.

Petitioner contends that under the terms of the policy issued by defendant company, she is entitled to the award because (a) Commonwealth Mutual Insurance Company denied coverage and this denial made the other driver uninsured, or (b) the issue was submitted to the arbitrator and the award is binding under the provisions of the policy.

The arbitration provision of the policy limits the questions which may be submitted to arbitration to (1) claimant under policy and the company do not agree that the uninsured motorist is legally responsible for the damages, or (2) the amount of payment due under the uninsured coverage.

This case goes far beyond the questions permissible for arbitration. If, in fact, the other motorist was not "uninsured", then plaintiff in this action can have no rights whatsoever under that coverage. Whether or not the other motorist is uninsured is not one of the issues which the parties have agreed is subject to arbitration.

In the instant case, the policy originally provided

that a motorist was uninsured if there was not applicable at the time of the accident a bond or insurance policy with respect to anyone legally responsible. This was later amended to include the situation where the company writing the policy denies coverage. Petitioner argues that liquidation of the company is the equivalent of a denial of coverage.

However, there are a number of reasons why a company may deny coverage or disclaim under the terms of a policy; this requires affirmative action by that company. One can hardly conclude that a decree of liquidation by a court of competent jurisdiction is affirmative action by the company to deny coverage. The issue must be determined at the time of the accident or as soon as practicable thereafter, i.e., failure to report the accident, failure to cooperate, etc.

Petitioner's attempt to relate the liquidation back to the time of the accident would subject respondent company to a risk it did not undertake. This can be illustrated as follows: Suppose, as in this case, the other motorist was actually insured and two years later, before determination of the claim, the other company is ordered liquidated; under petitioner's theory, the other motorist would now be considered as "uninsured" and her own company would be required to pay under this coverage. This is not a risk the insurance company bargained for.

The petition was therefore dismissed.